# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR LUCAS, | **COMPLAINT** |
| Plaintiff, | Jury Trial Demanded |
| v. | 19 CV 3494 |
| CITY OF NEW YORK, Former Detective KEVIN DESORMEAU, Detective STEPHEN LALCHAN, SHIELD NO. 6416, Detective ADAM GEORG, SHIELD NO. 4584, Detective JASON FRITZ, SHIELD NO. 6628, Lieutenant ROBERT BRACERO, Detective THOMAS REO, SHIELD NO. 5817, Detective DANIEL SJOBERG, SHIELD NO. 6444; Captain KEITH SHINE; Deputy Chief Inspector KEVIN T. CATALINA; JOHN and JANE DOE 1-10, | |
| Defendants. | |

> The doctrine of personal guilt is one of the most fundamental principles of our jurisprudence. It partakes of the very essence of the concept of freedom and due process of law. It prevents the persecution of the innocent for the beliefs and actions of others.

*Bridges v. Wixon*, 326 U.S. 135, 163 (1945) (Murphy, J., concurring) (citations omitted).

Plaintiff Trevor Lucas, by and through his attorneys, the law firm of Elefterakis, Elefterakis & Panek, alleges as follows:

## INTRODUCTION

1.     Defendants arrested, prosecuted and caused the wrongful conviction of Trevor Lucas in violation of his rights under the Fourth Amendment and to freedom of speech, association and due process.

2.     Defendants, including disgraced former detective and convicted perjurer Kevin Desormeau[1] – fabricated, altered and suppressed evidence in order to convince grand jurors, prosecutors and petit jurors that Mr. Lucas had participated in a conspiracy to murder two men, known as Friday and Morris.

3.     Defendants' misconduct caused Mr. Lucas to be wrongfully imprisoned for over fifty months, including approximately two years in solitary confinement.

4.     While wrongfully incarcerated, Mr. Lucas's father passed away and plaintiff was denied permission to attend the funeral.

5.     Mr. Lucas appealed the verdict and on November 14, 2018, a unanimous panel of the Appellate Division, Second Department reversed Mr. Lucas's conviction and dismissed the indictment against him on the law, holding the evidence insufficient

---

[1] *See* Goldstein, Joseph, N.Y. TIMES, *Detective Convicted of Perjury Receives no Jail Time*, April 4, 2018 (accessible at: https://nyti.ms/2Ej01r9).

and finding that "no direct or circumstantial" proof had been offered to sustain the charged offenses. *See People v. Lucas*, 166 A.D.3d 810, 810–11, 86 N.Y.S.3d 164, 165–66 (N.Y. App. Div. 2018), *leave to appeal denied*, 32 N.Y.3d 1206 (2019).

## NATURE OF THE ACTION

6.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

8.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## NOTICE OF CLAIM

10.      Within ninety days after the claim alleged in this complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

11.      At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

12.      A § 50-h hearing was held and Mr. Lucas provided testimony on May 8, 2019.

13.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## JURY DEMAND

14.     Plaintiff demands a trial by jury in this action.

## PARTIES

15.     Plaintiff Trevor Lucas is a resident of Queens County in the City and State of New York.

16.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

17.     The individual defendants at all times relevant herein, were officers, employees and agents of the NYPD. The individual defendants are sued in their individual capacities.

18.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

-4-

19.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacities.

20.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

21.    On September 17, 2014, the Queens County District Attorney ("Queens DA") issued a press release entitled "31 Reputed Members of Violent Southeast Queens Street Gangs Indicted on Charges of Conspiring to Commit Murder and Robbery."

22.    In its press release, the Queens DA identified Mr. Lucas and claimed he had conspired with others to commit murder, notwithstanding that no evidence existed to support the baseless charges. While press coverage of the indictment vilified plaintiff, there was no reporting of plaintiff's eventual vindication and exoneration.

### The Malicious Prosecution of Mr. Lucas

23.    Without probable cause or reasonable suspicion to believe he had participated in the alleged conspiracy, Mr. Lucas was arrested on September 16, 2014.

24.    Defendant NYPD officers prepared fabricated charging documents and informed prosecutors of facts that were untrue regarding Mr. Lucas's alleged participation in the purported conspiracy.

25.     Defendants misrepresented the meaning of Mr. Lucas's Facebook postings to suggest that they were criminal.

26.     The postings, however, express Mr. Lucas's constitutionally-protected speech and contain neither a plan nor an agreement to commit murder; no reasonable officer would believe that the posts at issue provided probable cause to believe Mr. Lucas had participated in a criminal conspiracy to murder Friday or Morris.

27.     It is also undisputed that plaintiff was not present at an alleged conspiratorial meeting purportedly held at Montbellier Park in Queens on April 1, 2014.

28.     Defendants' false statements formed the basis of the prosecution against Mr. Lucas.

29.     Following a lengthy trial in which only police officers testified for the prosecution, Mr. Lucas was acquitted on the charge of conspiracy in the first degree but convicted on the lesser charge of conspiracy to commit murder in the second degree.

30.     Mr. Lucas was sentenced to concurrent terms of 8 1/3 to 25 years on each conviction of conspiracy in the second degree.

31.     While incarcerated on the fabricated charges, Mr. Lucas appealed his conviction.

32.   On November 14, 2018, a panel of the Appellate Division Second Department unanimously overturned the conviction on the basis of insufficient evidence. *People v. Lucas*, 166 A.D.3d at 810-11.

33.   On or about November 23, 2018, Mr. Lucas was released from jail following approximately fifty months and eight days of wrongful incarceration.

34.   During his unlawful incarceration, Mr. Lucas was assaulted by correction officers and inmates and held in solitary confinement for a lengthy period.

35.   Mr. Lucas suffered damage as a result of defendants' actions. He was deprived of his liberty, maliciously prosecuted, physically abused, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation and damage to his reputation.

<u>FIRST CLAIM</u>
§ 1983 Malicious Prosecution

36.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.   Defendants, acting deliberately and with malice, initiated and took steps to continue the criminal prosecution of Mr. Lucas without probable cause or other legal justification, by fabricating evidence against him.

38.   As described above, there was not even arguable probable cause to arrest or prosecute Mr. Lucas, and no reasonable officer would have believed there was.

39.     Plaintiff's indictment was procured by fraud, negating any presumption of probable cause. Before, during and after the grand jury presentation, defendants provided a false account of the purported evidence against plaintiff.

40.     The prosecution ultimately terminated in Mr. Lucas's favor – in a manner indicative of and predicated upon plaintiff's innocence – when the Second Department overturned his conviction and dismissed the indictment. *See People v. Lucas*, 166 A.D.3d at 810-11.

41.     As a direct and proximate result of the individual defendants' misconduct, Mr. Lucas was wrongfully convicted and deprived of his liberty for over fifty months, among other damages.

42.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

-8-

44.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SECOND CLAIM
### State Law Malicious Prosecution

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

47.     Defendants maliciously commenced criminal proceeding against plaintiff, charging him with conspiracy to commit murder in the first and second degrees. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

48.     The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

49.     All charges were terminated in plaintiff's favor.

50.     Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Deprivation of Federal and State Due Process

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     The defendants used so-called expertise in alleged gang hierarchy practices and languages to falsely accuse Mr. Lucas of conspiracy to commit murder.

54.     In using fabricated evidence against Mr. Lucas, the individual defendants violated plaintiff's Due Process rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 6 of the New York Constitution.

55.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial of the Right to a Fair Trial

56.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.    The individual defendants deliberately fabricated inculpatory evidence related to fabricated conspiratorial Facebook postings by Mr. Lucas and forwarded false evidence to prosecutors in the Queens County District Attorney's office

58.    Defendants caused Mr. Lucas to be wrongly convicted based on the fabricated evidence.

59.    Such fabrication violated Mr. Lucas's clearly established right to a fair trial and to not be deprived of liberty without due process of law.

60.    As a direct and proximate result of the individual defendants' fabrications, Mr. Lucas was wrongfully convicted and suffered the injuries and damages described above.

61.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

62.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Negligence; Negligent Hiring/Training/Retention

63.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

65.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

66.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

67.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

68.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

69.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70.    By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

71.    The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

72.    Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

73.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

74.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75.    By reason of the foregoing, defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

76.    The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

77.    Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

78.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### First Amendment Retaliation

79.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80.    Mr. Lucas had an interest protected by the First Amendment to express himself and post messages on his Facebook page.

81.    The defendants' actions were motivated or substantially caused by plaintiff's exercise of that right.

82.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure to Intervene

83.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

85.    Accordingly, the defendants who failed to intervene violated the First Fourth, Fifth, Sixth and Fourteenth Amendments.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:        June 13, 2019
              New York, New York

                              ELEFTERAKIS, ELEFTERAKIS & PANEK

                              _____
                              Baree N. Fett
                              80 Pine Street, 38th Floor
                              New York, New York 10005
                              (212) 532-1116
                              bfett@eeplaw.com

                              *Attorneys for plaintiff*