UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TREVOR LUCAS,

                            Plaintiff,                              **REPORT AND**
                                                                       **RECOMMENDATIONS**

                      -against-                                19-CV-3494 (FB)

**CITY OF NEW YORK, et al.,**

                            Defendants.
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Trevor Lucas ("plaintiff") filed this civil rights action on June 13, 2019, against the City of New York and various members of the New York City Police Department, asserting claims arising out of plaintiff's criminal prosecution and conviction, which concluded with a reversal on appeal in 2018. Because of the ongoing pandemic crisis, and in light of the volume of electronic documents to be produced by the City, fact discovery has been extended on a number of occasions, as has the deadline for amending the pleadings; the operative dates are now August 7, 2020, and July 8, 2020, respectively. See Electronic Order (Mar. 30, 2020).

      The New York City Law Department is representing all defendants other than former detective Kevin Desormeau ("Desormeau"), who has not entered an appearance in the case. On February 18, 2020, plaintiff moved for default judgment against Desormeau, see Motion for Default Judgment (Feb. 18, 2020), Electronic Case Filing Docket Entry ("Docket Entry") #34, and Judge Block referred the motion to this magistrate judge to report and recommend on both liability and damages, see Electronic Order [of Referral] (Feb. 18, 2020).

The Court has reviewed plaintiff's motion papers and, for the following reasons, recommends that the motion be denied without prejudice.

## DISCUSSION

### I. Liability

As an initial matter, the claims against Desormeau are not well-pleaded, inasmuch as the Complaint consists entirely of impermissible group pleading. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide each defendant with fair notice of the claim and the facts upon which it is based, and a pleading that "lump[s] all defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to provide the defendant with the requisite Rule 8 notice. See Atuahene v. City of Hartford, 10 F.App'x 33, 34 (2d Cir. 2001); accord TheECheck.com, LLC v. NEMC Fin. Servs. Group Inc., 16-cv-8722 (PKC), 2017 WL 2627912, at *2 (S.D.N.Y. June 16, 2017).

The Complaint herein names Desormeau two times only: in the caption and in an introductory paragraph, in which he is identified as "a disgraced former detective and convicted perjurer[.]" Complaint (June 13, 2019) ("Compl.") ¶ 2, DE #1. The remaining allegations are leveled against all defendants collectively, without any further reference to Desormeau in particular or his role in the alleged violations. Pleadings of this nature, which fail to plead the personal involvement of a defendant, have been held to be inadequate, see, e.g., Gonzalez v. Yepes, CASE NO. 3:19-cv-00267 (CSH), 2019 WL 2603533, at *7-8 (D. Conn. June 25, 2019) (collecting cases); TheECheck.com, 2017 WL 2627912, at *2; Thomas

v. Vendito, 925 F.Supp.2d 352, 363 (E.D.N.Y. 2013), including in the context of a motion for default judgment, see TheECheck.com, 2017 WL 2627912, at *2.

Plaintiff has already sought and obtained a series of extensions of time to amend his Complaint, after reviewing the City's upcoming voluminous document production. Plaintiff should be afforded the same opportunity to amend his pleading to include allegations regarding the personal involvement of Desormeau (and his co-defendants).

## II. Damages

The Complaint alleges that all defendants are jointly and severally liable for the violations alleged therein. See Compl., Prayer for Relief. Where, as here, a complaint names multiple defendants who may be held jointly and severally liable, and one or more such defendants has defaulted, courts within this Circuit ordinarily delay damages inquests, in order to avoid the problem of inconsistent damages determinations. See, e.g., Official Comm. of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman, 13-CV-5475 (JS)(AKT), 2017 WL 3981299, at *2 (E.D.N.Y. Sept. 11, 2017); Iqbal v. Multani, No. 12 CV 3067(DRH)(GRB), 2013 WL 5329286, at *8 (E.D.N.Y. Sept. 20, 2013); State Farm Mut. Auto. Ins. Co. v. Grafman, No. 04-CV-2609 (NG), 2007 WL 474183, at *1 (E.D.N.Y. Feb. 9, 2007). For this additional reason, plaintiff's motion for default judgment against Desormeau should be denied without prejudice, pending the resolution of the case against the appearing defendants.

## CONCLUSION

For the reasons stated herein, this Court respectfully recommends that plaintiff's motion for default judgment against defendant Kevin Desormeau should be denied without prejudice to

its renewal upon resolution of plaintiff's claims against the non-defaulting defendants.

Any objections to this Report and Recommendation must be filed with the Honorable Frederic Block on or before **May 18, 2020**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is requested to transmit a copy of this Report and Recommendation by Federal Express to defendant Kevin Desormeau at the following address:

> Kevin Desormeau
> 30 20th Avenue
> Bay Shore, New York 11706

**SO ORDERED.**

**Dated:** Brooklyn, New York
May 1, 2020

/s/  *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

4