

## THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**Joanne M. McLaren**
*Senior Counsel*
Phone: (212) 356-2671
Fax: (212) 356-3509
jmclaren@law.nyc.gov

July 2, 2020

**BY ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

        Re:    Lucas v. City of New York, *et al.*,
                  19 CV 3494 (FB)(RLM)

Your Honor:

      I am an attorney in the Special Federal Litigation Division of the New York City Law Department, representing defendants the City of New York, Stephen Lalchan, Adam Georg, Jason Fritz, Robert Bracero, Thomas Reo, Daniel Sjoberg, Keith Shine, and Kevin Catalina (collectively, "Defendants") in the above-referenced matter.  Defendants write to advise the Court that, as part of the voluminous Facebook files produced in discovery in this case, they produced some potentially inappropriate photographs, and request that the Court order, *nunc pro tunc*, that these photographs be released as part of Defendants' document production to Plaintiff.

      By way of background, Defendants received, from the Queens County District Attorney's Office, almost 800,000 pages of documents pertaining to the underlying criminal case, which Defendants were ordered to produce in this civil case. See Order dated December 16, 2019. Many of these files were printouts from the Facebook accounts of Plaintiff and his alleged conspirators, as Facebook communications were integral to the criminal case.  All of these Facebook printouts were produced to the criminal defense attorneys in the underlying criminal case.  Defendants have produced these Facebook printouts to Plaintiff's counsel in this case. Defendants are aware that certain of these files contain images, posted to Facebook, of people who might have been engaged in sexual conduct.  Plaintiff's counsel agreed to treat any explicit images in the production as Attorneys' Eyes Only.  In a telephone conversation today about

discovery in Plaintiff's Court of Claims case, with the District Attorney's Office and the New York State Attorney General's Office, concern was raised about whether the subjects of any of these photographs were underage, and thus whether production should have been withheld. In an abundance of caution, Defendants write to request that the Court order production of these images, *nunc pro tunc*, to be retained as Attorneys' Eyes Only by Plaintiff's counsel.

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

*Joanne M. McLaren* /s
Joanne M. McLaren


cc: Gabe Harvis, Esq. (by ECF)
Baree Fett, Esq. (by ECF)