UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
TREVOR LUCAS,

                Plaintiff,

  -against-

CITY OF NEW YORK; Former Detective KEVIN DESORMEAU; Detective STEPHEN LALCHAN, Shield No. 6416; Detective ADAM GEORG, Shield No. 4584; Detective JASON FRITZ, Shield No. 6628; Lieutenant ROBERT BRACERO; Detective THOMAS REO, Shield No. 5817; Detective DANIEL SJOBERG; Shield No. 6444; Captain KEITH SHINE; Deputy Chief Inspector KEVIN T. CATALINA; JOHN and JANE DOE 1-10,

                Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-3494

**BLOCK, Senior District Judge:**

    All the defendants in this § 1983 action have answered except Former Detective Kevin Desormeau. The plaintiff moved for a default judgment against that defendant. Magistrate Judge Mann issued a Report and Recommendation ("R&R") recommending that the Court deny the motion without prejudice on the ground that Desormeau's liability, if any, would be joint and several with that of the non-defaulting defendants. The R&R provided that "[a]ny objections to this

Report and Recommendation must be filed on or before May 18, 2020," and warned that "[f]ailure to file objections in a timely manner may waive a right to appeal the District Court order."  R&R at 4.  The R&R was mailed to Desormeau and served electronically on the remaining parties.  No objections have been filed.

Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without de novo review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  The Court will, however, excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error.  *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R.  Indeed, as Magistrate Judge Mann correctly explained, the usual procedure is to adjudicate claims against non-defaulting defendants before assessing damages against a defaulting defendant "in order to avoid the problem of inconsistent damages determinations."  R&R at 3.  Accordingly, the Court adopts the R&R and denies the plaintiff's motion for a default judgment against Desormeau without prejudice

to renewal upon resolution of the claims against the non-defaulting defendants.

**SO ORDERED**.

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 3, 2020